IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE R. TRAVIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-1656(RCL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint. As grounds for this motion, the United States submits that plaintiff failed to state a claim and this Court does not have subject-matter jurisdiction over his refund claim and requests for declaratory and injunctive relief. A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: December 15, 2006.         Respectfully submitted,

                                                          /s/ Pat S. Genis
                                                        PAT S. GENIS, #446244
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        Post Office Box 227
                                                        Washington, DC  20044
                                                        Tel./FAX:  (202) 307-6390/614-6866
                                                        Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

642.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE R. TRAVIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-1656(RCL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks declaratory relief, damages, a tax refund,1/ and injunctive relief against further actions against him.

QUESTIONS PRESENTED

1. Plaintiff's complaint seeks a determination that the Internal Revenue Service violated the Internal Revenue Code and regulations promulgated thereunder. The Declaratory Judgment Act provides that no court may declare the rights of parties with respect to federal taxes. Does the Court have jurisdiction to entertain a suit seeking a determination with respect to federal taxes?

---

1/ Plaintiff seeks "repleven" of all property taken from him, which we interpret as a request for a tax refund.

2. Plaintiff's complaint seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. Should the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted?

3. Plaintiff's complaint seeks a refund of federal taxes. The complaint fails to allege that plaintiff filed a claim for refund or that he has fully paid the taxes he seeks to have refunded. Does the Court have jurisdiction to entertain a suit for refund of federal taxes under these circumstances?

4. Plaintiff's complaint seeks an injunction against further actions against him. The Anti-Injunction Act provides that no court shall exercise jurisdiction over a suit to restrain the collection of federal taxes. Does the Court have jurisdiction to entertain a suit seeking an injunction against further tax collection activities?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Bruce R. Travis, filed this complaint on September 26, 2006, and served the United States Attorney General on October 10, 2006 and the United States Attorney for the District of Columbia on October 16, 2006. Plaintiff's complaint alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of Internal Revenue Code statutes and regulations. (Compl. Counts 1-39.)2/

---

2/ This is plaintiff's third complaint alleging various violations of the Internal Revenue Code and its regulations. Plaintiff's first case (05-1867), which he filed with his wife, was dismissed on April 11, 2006 for plaintiff's failure to oppose the United States' motion to dismiss. The second case (06-348) as dismissed on June 20, 2006 for the same reason.

2. <u>Relief sought in the complaint</u>.  The complaint seeks four types of relief.  First, plaintiff seeks a "determination" that the Internal Revenue Service disregarded various Code provisions and regulations.  (Compl., Remedy Sought, at 18-19.)  Second, he requests damages in the amount of $10,000 "per disregard." (*Id*.)  Third, he seeks "replevin of any and all property taken" from him.  (*Id*.)   Last, plaintiff seeks to enjoin the Internal Revenue Service's "principals, officers, agents, and/or employees form further acting in disregard of law or regulation." (*Id*.)

3. <u>Allegations in the complaint</u>.  Although plaintiff is seeking only four types of relief, he has organized his complaint into thirty-nine (39) purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes.

In counts 1 through 18, 31, 33 and 39 plaintiff asserts that the Internal Revenue Service failed to comply with certain  record-keeping requirements and in preparing substitutes for returns for those who fail to file tax returns (Counts 1-9), improperly used taxpayer identification numbers (Count 10), improperly assessed taxes (Counts 11-18), failed to comply with collection due process hearings requirements (Count 31), made improper penalty determinations (Count 33), and unlawfully disclosed return information (Count 39).

Counts 19-30, 34, 37 and 38 consist of generalized, non-specific allegations that the Internal Revenue Service failed to abide by certain Internal Revenue Code sections

and regulations. Specifically, plaintiff alleges that the Internal Revenue Service failed to properly exercise its collection authority under section 6301 (Counts 19-26), failed to properly give notice and demand payment of taxes (Counts 27-29) and failed to follow section 6304 which prohibits harassing taxpayers (Count 30). In addition, plaintiff asserts that the Internal Revenue Service failed to implement the Code with respect to federal tax liens (Counts 32, 34-38). Only counts 32, 35 and 36 relate to collection activities. They allege that the Internal Revenue Service asserted a lien without proper notice and demand for payment (Count 32), asserted a lien without a proper assessment (Count 35), and failed to certify notices of liens (Count 36). Thus, these three counts are the only ones to which section 7433 could be applicable.

With respect to his 39 "counts," plaintiff seeks four types of relief: 1) a determination that the Internal Revenue Service disregarded various Code provisions and regulations; 2) damages under 26 U.S.C. § 7433; 3) a tax refund; and 4) an injunction against further Internal Revenue Service action against him. Plaintiff's claims for relief are discussed in turn below.

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF

*Plaintiff's Request for a Finding that the Internal Revenue Service Violated Provisions of the Internal Revenue Code and Implementing Regulations Thereunder is Barred by the Tax Exception to the Declaratory Judgment Act.*

Plaintiff seeks a finding that the Internal Revenue Service violated various provisions of the Internal Revenue Code and implementing regulations thereunder. (Compl., Remedy Sought, at 18-19.) This Court is barred from granting such relief under 28 U.S.C. § 2201. Section 2201 provides that:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Id. (emphasis added). By the plain language of the statute, a court lacks jurisdiction to declare the rights of any parties with respect to federal taxes. *See Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1, 4 (D.D.C. 1979) Plaintiff here is requesting the Court to determine that the Internal Revenue Service violated various provisions in the Code and implementing regulations thereunder. Such relief is specifically prohibited by 28 U.S.C. § 2201. Thus, this Court lacks jurisdiction to grant plaintiff the declaratory relief he seeks.

II

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES FOR FAILURE TO STATE A CLAIM

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each disregard.  (Compl., Remedy Sought, at 19.)  Plaintiff's complaint is legally insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433 permits a taxpayer to bring a civil action for damages against the government with respect to *collection* activities, providing that:

> If, in connection with the *collection* of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States . . . .

26 U.S.C. § 7433(a) (emphasis added).

Under rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  But, here, there are no facts in plaintiff's complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim.  For example, plaintiff does not state what specific tax years are at issue, the type of tax, or the amount in dispute.  Moreover, numerous counts in the complaint allege acts which do not involve collection activities, and thus are not cognizable under section 7433.  In fact, no facts are alleged which establish that the Internal Revenue Service disregarded any provision of the Code with respect to collection activities.  To the extent plaintiff makes allegations

that the Internal Revenue Service failed to follow Code provisions with respect to federal tax liens, he fails to state any facts about the liens at issue, including when the liens were asserted. Thus, the Court is unable to determine whether the statute of limitations has expired with respect to these alleged actions.

Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

### III

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S REFUND CLAIMS

Plaintiff seeks "replevin of any and all property" taken from him, which the United States interprets as a claim for refund. (Compl., Remedy Sought, at 19.) This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has filed a claim for refund or fully paid the federal taxes for which he seeks a refund. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or

illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a).  Plaintiff states that he filed a claim for damages (Compl. IV.), but he has not alleged that he filed a claim for refund as required under 26 U.S.C. § 7422.  Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction over his tax refund claims.  *Dalm*, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities.  On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due.  (*See* Compl., Remedy Sought, at 19.)  This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover—an implication fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claims for a refund of federal taxes.3/

---

3/  Plaintiff has also selected an improper venue for a refund suit.  Plaintiff resides in Kihei, Hawaii (Compl. at 1.)  A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which the plaintiff resides.  *See* 28 U.S.C. § 1402(a)(1); *Saraco v. United States*, 61 F.3d 863 (3d Cir. 1995).

IV

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

*Plaintiff's Request to Enjoin the Internal Revenue Service from Further Action Against Him Is Barred by the Anti-Injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl., Remedy Sought, at 19.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.4/ *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government

---

<sup>4</sup>/ Section 7421(a) includes several exceptions; but plaintiff has made no specific allegations that he falls within any of these statutory exceptions. Thus, none of the statutory exceptions are relevant to plaintiff's allegations.

prevail, and (2) equity jurisdiction otherwise existed. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly in connection with the collection of federal taxes, but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily, he merely express his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.5/

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn*, 766 F.2d at 598. In certain situations, plaintiff could temporarily forestall collection—the ultimate relief he requests—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code

---

5/ As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiff's complaint fails the second prong of the *Enochs* test as well.

This Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be given and this Court lacks subject-matter jurisdiction over his claim for a refund, and requests for declaratory and injunctive relief. Accordingly, this Court should dismiss plaintiff's complaint.

DATE: December 15, 2006.

                                      Respectfully submitted,

                                      /s/ Pat S. Genis
                                      PAT S. GENIS, #446244
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE R. TRAVIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-1656(RCL) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS, MEMORANDUM in support and proposed ORDER were served upon plaintiff *pro se* on December 15, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Bruce R. Travis
>*Plaintiff pro se*
>P.O. Box 311
>Kihei, HI 96753

>/s/ Pat S. Genis
>PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE R. TRAVIS )<br>)<br>Plaintiff, )<br>)<br>v.                                          )<br>)<br>UNITED STATES,                       )<br>)<br>Defendant.                         ) | No: 1:06-cv-1656(RCL) |

### O R D E R

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 200____, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

2090318.1

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

BRUCE R. TRAVIS
*Plaintiff pro se*
P.O. Box 311
Kihei, HI 96753

2090318.1