RECEIVED

JAN 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bruce R Travis
        Plaintiff(s),

v.

United States
        Defendant.

Case No. 1:06-cv-01656 *RCL*

REQUEST FOR CLERKS ENTRY OF DEFAULT

1. Plaintiffs request that default be entered forthwith against defendant.

2. The record shows that plaintiffs served the United States Attorney an amended complaint on December 22, 2006.

4. Rule 15, Fed. R. of Civ. P requires the defendant to file an answer within 10 days of receipt thereof.

5. The record is silent as to defendant requesting an extension of time to plead or otherwise defend..

6. The record shows that defendant failed to defend or otherwise respond within the required 10 days.

Wherefore, inasmuch as the record in this matter is clear as to defendants failure to plead or otherwise defend within the 10 days required by law plaintiffs are entitled to entry of default forthwith against defendant as a matter of law.

Travis v. United States.
        page 1 of 2 pages
        Motion for default

Dated JANUARY 8, 2007 (BT)

*Bruce R Travis* (signature)
Bruce R Travis

_____

Bruce R Travis
PO Box 311
Kihei, Hawaii 96753

Attorney
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C. 20044

RE:   Bruce R Travis,
vs
United States
Case No. 1:06-cv-01584 RCL

Dear: Mr. Stoduto

I/we am/are writing regarding your recent Motion to Dismiss wherein you attempt to combine §§ 7431 and 7433. It appears that you are trying to use 7433 as though it repeals, by stealth, 7431. Additionally, you appear to be attempting to treat my/our 7431 as though it is a collection action. You know very well that 7431 and 7433 are stand alone sections of the code and that they operate independently of each other. 7431 deals with unlawful disclosure. 7433 deals with disregarding any section of the code and/or its regulations.

It is well settled in the courts that sections 7431 and 7433 do not address the legitimacy of the collection process, and that whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy. The plain language of the Internal Revenue Code supports the contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful. The propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103. Section 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103. As stated above and as a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue. This makes your argument frivolous, without merit and without any basis whatsoever in law or in fact.

Please treat this correspondence as your Rule 11 notice that you have 21 days to withdraw your frivolous motion to dismiss. Your failure to do so will result in a motion for sanctions being filed with the court.

As always I/we am/are


Bruce R Travis
Dated January 5, 2007

cc: U.S. District Court, District of Washington D.C.