IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRUCE R. TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-1656(RCL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint. As grounds for this motion, the United States submits that plaintiff has failed to state a claim that he is entitled to damages under section 7433.

In the alternative, the United States moves, under Fed.R.Civ.P. 56 and Local Rule 7.1(c), for summary judgment as to plaintiff's claim for damages. As grounds for this motion, the United States submits that there is no genuine issue as to any material fact, and that the United States is entitled to a judgment against plaintiff as a matter of law.

2183331.1

A memorandum of points and authorities in support of this motion, a statement of material facts, and a proposed order are submitted herewith.

DATE: January 26, 2007.          Respectfully submitted,


 /s/ Pat S. Genis                                    
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

BRUCE R. TRAVIS,                        )
                                       )
                Plaintiff,              )
                                       )
        v.                              )        No: 1:06-cv-1656(RCL)
                                       )
UNITED STATES,                          )
                                       )
                Defendant.              )

### STATEMENT OF MATERIAL FACTS IN SUPPORT OF
### THE UNITED STATES' MOTION FOR  SUMMARY JUDGMENT

The United States submits this statement of material facts in support of its

motion for  summary judgment.

In his 33-count amended complaint, plaintiff asserts that the Internal Revenue

Service "disregarded" the following Internal Revenue Code (IRC) provisions and

regulations as follows.  The numbers 1-32 correspond with the counts in plaintiff's

amended complaint.1/

1.  Failed to notify him "by notice served or by regulation" that he was required

"to keep records, make statements, or file returns."   26 U.S.C. § 6001; 68A Stat 731.

2.  Failed to notify him "by notice served" that he was required to "keep specific

records, make statements, or file returns."  26 U.S.C. § 7805; 26 C.F.R. 1.6001-1(d).

3.  "[F]ailed to prepare and subscribe any Substitute(s) for Return(s)" in his

name.  26 U.S.C. § 6020(a).

---

1/ Plaintiff has two paragraphs numbered "26."  The United States has retained
plaintiff's numbering in this brief.

4.  "[F]ailed to prepare and subscribe any Substitute(s) for Return(s)" in his name.  26 U.S.C. §  7805; 27 CFR Part 53.

5.  "[F]ailed to prepare and subscribe any Substitute(s) for Return(s)" in his name.  26 U.S.C. § 7805; 27 CFR Part 70.

6.  "[F]ailed to prepare and subscribe any Substitute(s) for Return(s)" in his name.  26 U.S.C. § 7805; 26 C.F.R. 301.6020-1.

7.  "[F]ailed to execute any Substitute(s) for Return(s)" in his name.  26 U.S.C. § 6020(b)(2).

8.  "[F]ailed to disclose returns, e.g., Substitutes (s) for Return (s), and return information" to him or his representative.  26 U.S.C. § 6103(c).

9.  "[F] orced" him to use a social security account number.  26 U.S.C. § 6109.

10.  "[F]ailed to assess taxes."  26 U.S.C. § 6201(a)(1) & (2).

11.  "[F]ailed to make an assessment of taxes."  26 U.S.C. § 6202.

12.  "[F]ailed to record assessment(s)" in his name.  26 U.S.C. §  6203.

13.  "[F]ailed to execute, i.e., sign summary record(s) of assessment(s)."  26 U.S.C. § 7805; 26 C.F.R. 301.6203-1.

14.  "[F]ailed to furnish [him] copies of assessments with supporting lists . . . upon request."  26 U.S.C. § 6203.

15.  "[F]ailed to furnish [him] copies of signed records of assessment with supporting lists upon request."  26 U.S.C. §7805; 26 C.F.R. 301.6203-1.

16.  Neglected "to assess taxes owed within three years."  26 U.S.C. § 6501(a).

17.  "[F]ail[ed] to send [him] a notice of deficiency (90 day letter).  26 U.S.C. § 6212.

18.  "[F]ail[ed] to suspend interest and penalties."  26 U.S.C. § 6404(g).

19.  "[F]ail[ed] to include in each notice imposing a penalty" the name of the penalty, the authorizing code section and the actual computation of the penalty.  26 U.S.C. § 6751(a).

20.  "[F]ail[ed] to verify that a supervisor had personally approved, in writing, the initial penalty determination." 26 U.S.C. §  6751(b)(1).

21.  "[R]efus[ed] to produce any evidence with respect to the imposition of each penalty and addition."  26 U.S.C. § 7491(c).

22.  "[C]onduct[ed] a presumed financial status audit."  26 U.S.C. § 7602(a).

23.  "[R]efus[ed] to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers."  26 U.S.C. § 7491(b).

24.  "[F]ail[ed] to send [him] a thirty (30) day notice."  26 U.S.C. § 6331(d)(1)(2) [sic].

25.  "[F]ail[ed] to provide [him] with a notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action."  26 U.S.C. § 6330(a).

26.  "[E]ngaged in 'conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of any unpaid tax.'" 26 U.S.C. § 6304.

26. [sic] "[F]ail[ed] to hold a meaningful hearing" under section 6330.  26 U.S.C. § 6320.

27. "[A]sserted a lien . . . without giving proper notice and without making demand."  26 U.S.C. § 6321.

28. "[F]ail[ed] to verify that a supervisor had personally approved, in writing, the initial penalty determination."  26 U.S.C. § 6751(b)(1).

29. "[F]ail[ed] to provide [him] with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action."  26 U.S.C. § 7123(b)(1).

30. "[F]ail[ed] to provide [him] with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action."  26 U.S.C. § 6501(a).

31. "[A]sserted liens for which no assessment was made" in accordance with section 6203.  26 U.S.C. § 6322.

32. "[F]ailed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act as enacted in Hawaii."  26 U.S.C. § 6323(f)(1)(A)

33. As a remedy for the alleged violations in 1-32, plaintiff seeks damages under section 7433 of $10,000 "per disregard."  (Am. compl. , Remedy Sought, at 27.)

34. Plaintiff also seeks a review of agency actions under the Administrative Procedures Act .  (Am. compl. , Remedy Sought, at 27.)

35. In addition plaintiff seeks "such other and further damages" under 5 U.S.C. §§ 556 & 557.

36.   Plaintiff filed a verified administrative claim for damages with the Area

Director, in Seattle Washington, which the Internal Revenue Service received on July 10,

2006.  (Genis decl., ex. 1.)

37.   Plaintiff's administrative claim for damages listed 32 "counts" citing various

Internal Revenue Codes and treasury regulations, which plaintiff alleged had been

violated.

38.  By letter dated September 12, 2006, the Internal Revenue Service denied

plaintiff's claim for damages, asserting that "[t]he Internal Revenue Service did not

violate section 7433(a) in regard to collection actions and procedures.  (Genis decl., ex.

2.)

DATED:        January 26, 2007.

                                                    Respectfully submitted,


                                                    /s/Pat S. Genis
                                                    PAT S. GENIS, #446244
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    Post Office Box 227
                                                    Washington, D.C.  20044
                                                    Telephone/FAX: (202) 307-6390/614-6866
                                                    Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

BRUCE R. TRAVIS,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )          No:  1:06-cv-1656(RCL)
                                   )
UNITED STATES,                     )
                                   )
            Defendant.             )

## MEMORANDUM IN SUPPORT OF UNITED  STATES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code.  Plaintiff seeks declaratory and injunctive relief, a tax refund, and damages for alleged unauthorized collection activities.

QUESTIONS PRESENTED

1.  Plaintiff seeks damages under 26 U.S.C. § 7433.  The amended complaint consists of generalized allegations without factual support.  Should the Court dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted; or, in the alternative, grant summary judgment on this issue in favor of the United States?

2.  Plaintiff seeks a review of the Internal Revenue Service's actions under the Administrative Procedures Act (APA).  Plaintiff has an adequate remedy under the

Internal Revenue Code.  Should the Court decline to consider plaintiff's claims under the APA?

<center>STATEMENT</center>

1.  <u>Introduction & background</u>.  Plaintiff, Bruce R. Travis, filed this amended complaint on September 26, 2006, and served the United States Attorney General on October 10, 2006 and the United States Attorney for the District of Columbia on October 16, 2006.  Plaintiff's amended complaint alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of Internal Revenue Code statutes and regulations.  (Am. compl. Counts 1-32.)<u>2</u>/ The Internal Revenue Service received plaintiff's claim for damages on July 10, 2006, and denied it by letter dated September 12, 2006.

2.  <u>Relief sought in the amended complaint</u>.  The amended complaint seeks: 1) damages under 26 U.S.C. § 7433 and 2) a review of the Internal Revenue Service's actions under the APA.  (Am. compl., Remedy Sought, at 27)

3.  <u>Allegations in the amended complaint</u>.  Plaintiff  has organized his amended complaint into 33 purported "counts" of alleged wrongdoing by the Internal Revenue

_____

<u>2</u>/  This is plaintiff's fourth complaint alleging various violations of the Internal Revenue Code and its regulations.  Plaintiff's first case (05-1867), which he filed with his wife, was dismissed on April 11, 2006 for plaintiff's failure to oppose the United States' motion to dismiss.  The second case (06-348) as dismissed on June 20, 2006 for the same reason.  The third case (06-1584) alleges wrongful disclosures of Travis' return information.  Motions to dismiss the third case were field on November 11 and December 19, 2006.

2183331.1                          2

Service.3/  In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes.

Plaintiff asserts that the Internal Revenue Service failed to comply with certain record-keeping requirements (counts 1-2); failed to prepare substitutes for returns for him (counts 3-8); forced him to use a social security number (count 9); failed to properly assess taxes (counts 10-23); failed to comply with collection due process hearings requirements (counts 25-26); failed to follow section 6304 which prohibits harassing taxpayers (second count 26); asserted a tax lien without proper notice and demand for payment (count 27); failed to verify that a supervisor approved a penalty assessment (count 29); failed to provide him with mediation (counts 29-30); asserted a tax lien without a proper assessment (count 31); and failed to certify a federal tax lien (count 32).

## ARGUMENT

### I

#### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES FOR FAILURE TO STATE A CLAIM; OR IN THE ALTERNATIVE GRANT THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT ON THIS ISSUE

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each "disregard."  (Am. compl., Remedy Sought, at 27.)   Plaintiff has failed

---

3/  Plaintiff misnumbered his "counts."  There are two "counts" numbered "26."  As a result, the 33rd "count" is numbered "32."

to state a claim as to nearly all his "counts" because they do not involve collection activities, and thus are not cognizable under section 7433.  Of the five counts that could be construed as collection activity, plaintiff has failed to state a claim and/or the United States is entitled to summary judgment.

"The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added).  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in
> the case of negligence) or actual, direct economic damages, as
> defined in paragraph (b) of this section [7433] shall be sent in
> writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).

In this case, plaintiff filed an administrative claim for damages.[4]/ The Internal

Revenue Service received plaintiff's administrative claim for damages on July 10, 2006,

and denied it by letter dated September 12, 2006.

Still, plaintiff's amended complaint for damages under 26 U.S.C. § 7433 is legally

insufficient because it fails to provide the necessary factual detail to state a claim, and

should be dismissed under Fed.R.Civ.P. 12(b)(6).  An amended complaint need only set

forth a short and plain statement of the claim that gives the defendant fair notice of the

claim and grounds upon which it rests.  Fed.R.Civ.P. 8(a).  But, a court should dismiss

an amended complaint when the plaintiff can prove no set of facts in support of his

---

[4]/ The United States does not concede that plaintiff's claim for damages met the
requirements of 26 C.F.R. § 301.7433-1(e); but for purposes of this memorandum only
assumes that the claim may be adequate.

claim that would entitle the plaintiff to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004).

Here, most of plaintiff's allegations (27 of the 33 counts) involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. Accordingly, all allegations in plaintiff's amended complaint which involve non-collection activities must be dismissed.5/

Of the six counts that may involve collection activities, plaintiff's allegations in count 25 and the second count 26 have no factual support whatsoever, and thus fail to state a claim. Plaintiff alleges that the Internal Revenue Service failed to provide him with notice that he was entitled to a hearing under 6330(b) (count 25). He also alleges that the Internal Revenue Service failed to provide him with a hearing under 26 U.S.C. § 6320(b) (second count 26).

Section 6330(b) provides for a hearing before a levy is made; section 6320 provides for a hearing upon filing of a federal tax lien. The relevant provisions in sections 6330(b) and 6320(b) are identical. Both sections provide that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b); 6320(b). Upon the request of a taxpayer, one hearing will be held

---

5/ Plaintiff's allegations which are unrelated to collections relate to record-keeping requirements (counts 1-2); preparation of substitutes for returns (counts 3-9; taxpayer identification numbers (count 9); assessment of taxes (counts 10-23, 28); failure to hold a hearing (first count 26) and failure to provide him with mediation (counts 29-30).

"with respect to the taxable period" described in the notice.  26 U.S.C. § 6320(b)(2).

Here, plaintiff has not alleged any facts from which the Court could determine that he is

entitled to a hearing.  He has not alleged that he requested any hearings, or identified

the tax year(s), or the tax lien or levies at issue.  In addition, plaintiff's allegations are

shown to be without merit by the transcripts of plaintiff's accounts which show plainly

that the Internal Revenue Service sent plaintiff the statutory notices under sections 6330

and 6320.  *See* Form 4340, Certificate of Assessments, Payments and Other Specified

Matters (Genis decl., ex. 3).  These notices advised plaintiff that he had "the right . . . to

request a hearing."  26 U.S.C. §§ 6330(a)(3)(B); 6320(a)(3)(B).  Because of this complete

absence of factual support, the Court should dismiss count 25 and count 26 for failure to

state a claim.

Plaintiff's remaining allegations have no merit.  He alleges that the Internal

Revenue Service failed to send him a 30-day notice of the intent to levy (count 24) ,

failed to provide him with a notice of his right to a hearing (count 25); asserted a federal

tax lien without notice and a demand for payment (count 27), asserted liens for which

no assessment (count 31), and failed to certify notices of tax lien for filing under

Hawaii's Uniform Tax Lien Registration Act (count 32).

Plaintiff was provided the required notices.  The Internal Revenue Service must

provide notice and demand for payment within 60 days of an assessment, 26 U.S.C. §

6303, and must give a taxpayer 30 days notice before it can make a levy.  26 U.S.C. §

6331(d)(2).  Notices were sent to plaintiff as follows:

| Tax Year | Assessment Date | Statutory Notice of Balance Due | Statutory Notice of Intent to Levy |
|----------|-----------------|--------------------------------|-----------------------------------|
| 1996 | July 15, 2003 | August 11, 2003 | November 24, 2003 |
| 1997 | May 14, 2003 | June 16, 2003 | August 25, 2003 |
| 1998 | April 3, 2003 | April 28, 2003 | November 10, 2003 |
| 1999 | February 24, 2003 | April 21, 2003 | December 25, 2003 |
| 2000 | February 26, 2003 | April 14, 2003 | October 20, 2003 |

Form 4340, Certificate of Assessments, Payments and Other Specified Matters (Genis decl., ex. 3.)  The certificates of assessment show that notices were sent to plaintiff within 60 days of assessment and that notice of intent to levy was sent for each tax period for which assessments were made.  These certificates of assessments  are presumed correct, and plaintiff has to burden to show otherwise.  *See, e.g. Opdahl v. United States*, 2001WL1137296, n.3 (D.D.C. 2001).

Demand for payment was also made.  "[N]otice and demand are inextricably coupled."  *United States v. Lorson Electric Co.*, 480 F.2d 554, 556 (2nd Cir. 1973).  Thus, because notice was given, demand for payment was also made.  *Id*.  And, the notice of federal tax lien (Form 668) itself asserts that demand for payment was made.  (Genis decl., ex. 4.)  Form 668 states:  "Demand for payment of this liability has been made, but it remains unpaid."  (Genis decl. ex. 4.)  Accordingly, plaintiff's allegations that he did not receive proper notices and that the tax lien was filed without proper notice and demand for payment have no merit.

Plaintiff also alleges that the Internal Revenue Service asserted liens for which no assessment was made, in violation of 26 U.S.C. §§ 6322, 6203 and 26 C.F.R. § 301.6203-1 (count 31).  As the certificate of assessments indicate, assessments were made for each

year reflected on the notice of federal tax lien. (Genis decl. ex. 3.)  Accordingly,

plaintiff's allegation lacks merit.

Finally, plaintiff alleges that the Internal Revenue Service failed to certify notices

of tax lien for filing under Hawaii's Uniform Tax Lien Registration Act, in violation of

26 U.S.C. § 6323 (count 39).  Section § 6323(f) sets forth the requirements for filing a

notice of federal tax lien.  Nowhere in the statute is there a requirement for

"certification."  The statute requires that a notice of tax lien against property be filed "in

the office with the State . . . as designated by the laws of such State, in which the

property subject to the lien is situated."  26 U.S.C. § 6323(f)(1).   The notice of federal tax

lien must be filed on "Form 668, Notice of Federal Tax Lien."  26 C.F.R. § 301.6323(f)-

1(d)(1).  The Form 668 must identify the taxpayer, the tax liability, and the date of the

assessment.  *Id.* at § 301.6323(f)-1(d)(2).  The notice of federal tax lien against plaintiff

was properly filed with the Registrar of the Bureau of Conveyances in Honolulu,

Hawaii on Form 668.  The lien identified plaintiff as the taxpayer, the tax liability for

years 1996 through 2000, and the date of assessment.  Accordingly, the lien was filed in

the proper place, on the proper form and provided the required information; and thus

met all the requirements of section 6323.  Thus, plaintiffs allegation that the Internal

Revenue Service was required to certify the notice of federal tax lien has no merit.

Based on the discussion above, plaintiff's allegations that the Internal Revenue

Service engaged in unauthorized collection activities have no merit.  Accordingly, the

Court should dismiss plaintiff's amended complaint for failure to state a claim for

which relief can be granted; or, in the alternative, grant summary judgment for the United States and against plaintiff on his damages claims.

## II

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiff also asserts jurisdiction for his damages claim under the Administrative Procedures Act ("APA"). (*See* Am. Compl., Remedy Sought, at 27). An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006) (vacated on other grounds); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987).

"Under the Administrative Procedure Act (APA), final agency decisions are generally susceptible to judicial review."6/ *Beall v. United States*, 336 F.3d 419, 425 (5th Cir. 2003). Courts, however, should not review agency actions under the APA where there is an adequate remedy under the Internal Revenue Code. *Id.* The APA should not be used "as a vehicle for bringing a challenge to a decision" of the Internal Revenue Service

> Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency actions. *Bowen v. Massachusetts*, 487 U.S. 879 (1988). And

---

6/    Section 701(a) of the APA, however proscribes review in two narrow situations, namely where (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law. *Beall*, 336 F.3d at 425.

> review under the APA is accordingly available only where
> there is no other adequate remedy in a court.

*Id*. (quoting 5 U.S.C. § 701, citing *Poirier v. Commissioner*, 299 F.Supp. 465, 466 (E.D. La. 1969) (denying relief under the APA where taxpayers had an adequate remedy under the Internal Revenue Code)) (other citations omitted).

Here, plaintiff is seeking damages for the alleged unauthorized collection of federal taxes. He has an adequate remedy under 26 U.S.C. § 7433; *i.e.*, plaintiff has the right to bring a damages action in district court – a remedy of which plaintiff is availing himself in this lawsuit. The APA does not provide jurisdiction over actions concerning the assessment and/or collection of federal taxes, and this Court should dismiss plaintiff's amended complaint.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted with respect to his damages claim, and the Court should dismiss the amended complaint. In the alternative, the Court should grant summary judgment for the United States on plaintiff's damages claim and dismiss the amended complaint.

DATE: January 26, 2007.

Respectfully submitted,

 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice

Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRUCE R. TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No:  1:06-cv-1656(RCL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS, OR IN THE

ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, MEMORANDUM in

support, GENIS DECLARATION with exhibits, and proposed ORDER were served

upon plaintiff *pro se* on January 26, 2007 by depositing a copy in the United States' mail,

postage prepaid, addressed as follows:

> Bruce R. Travis
> *Plaintiff pro se*
> P.O. Box 311
> Kihei, HI 96753

> /s/ Pat S. Genis
> PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRUCE R. TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-1656(RCL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DECLARATION OF PAT S. GENIS</u>

I, Pat S. Genis, under 28 U.S.C. § 1746, declare as follows:

1.      I am a trial attorney with the Department of Justice Tax Division.  As part of my duties, I have been assigned joint responsibility for litigation of the above-captioned case.

2.      As part of my duties, I have received various documents kept in the files of the Internal Revenue Service.

3.      Attached is a true and correct copy of plaintiff's claim for damages.  (Ex. 1.)

4.      Attached is a true and correct copy of the Internal Revenue Service's September 12, 2006 letter denying plaintiff's claim for damages. (Ex. 2.)

5.      Attached is a true and correct copy of the Certificate of Assessments, Payments, and Other Specified Matters for plaintiff for tax years 1996, 1997, 1998, 1999 and 2000. (Ex. 3.)

6.     Attached is a true and correct copy of Form 668, Notice of Federal Tax Lien, which was filed against plaintiff for tax years 1996, 1997, 1998, 1999 and 2000.  (A true and correct copy of the top portion of a Form 688 is attached to reflect that Form 668 states that "demand for payment" was made, because this portion of plaintiff's notice of tax lien is illegible.)   (Ex. 4.)

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

DATED:   January 24, 2007.


     /s/ Pat Genis
PAT S. GENIS

2182096.1

# VERIFIED ADMINISTRATIVE
# CLAIM FOR DAMAGES

**Area 12**
Area Director, Seattle
915 Second Avenue
Seattle, WA 98174

Attn: Compliance Technical Support Manager

Bruce R Travis
PO Box 311
Kihei, Hawaii 96753
Day Time Phone #
808-879-8838
SSN

                 Claimant(s),

Internal Revenue Service,

             Respondent.

*RECEIVED JUL 10 2006 INTERNAL REVENUE SERVICE*

# ADMINISTRATIVE CLAIM
# IN ACCORDANCE WITH 26 CFR § 301. 7433-1

## I
## INTRODUCTION

This Administrative Claim for damages is being brought by Bruce R Travis , hereinafter; Claimant, in accordance with 26 CFR § 301.7433-1. Claimant has been damaged as a result of the actions of respondents' officers, agents, and, or employees. Respondents' agents, officers, and, or employees have, in connection with the collection of a federal tax, acted willfully, recklessly and/or intentionally, with intent to defeat, and disregarded provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

Claimant continues to be damaged as a direct result of respondents' agents, officers, and,

Verified Administrative
Claim for Damages

page 1 of 14 pages
Not valid without all pages attached



or employees disregard for provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

Claimant continues to be damaged as a direct result of respondents' agents, officers, and, or employees continual and ongoing disregard for and misapplication of provisions of the Internal Revenue Code and regulations promulgated under Title 26 U.S.C.

Claimant has exercised all measures within his means to mitigate damages.

Title 26 USC §7433 is claimant's exclusive remedy for obtaining damages for the unauthorized collection activity conducted by respondent.

Respondent has sent voluminous correspondence to claimant(s) in which each and every piece of correspondence is a final agency action that articulates a very clear position that the respondent is unwilling to reconsider showing bias.

Respondent has sent numerous letters to claimants each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time.

## IIa
## CLAIMS[1]

COUNT 1
   Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 C.F.R. §601.702(c) with intent to defeat the application thereof by failing to answer correspondence of the claimant(s) within 10 days. By its silence respondent "has articulated a very clear position on an issue which it has demonstrated it would be unwilling to reconsider", showing bias.


COUNT 2
   Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees have sent claimant a continuing series of collection letters. Claimant(s) has responded to the aforementioned collection letters requesting documentation under tax records law, federal records law, federal records access law and their respective regulations, to support the position taken in the aforementioned collection letters. By agency action, respondent has demonstrated that such supporting documentation is lacking. The aforementioned collections letters are final

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that claimant(s) is/are not aware of which have been disregarded.

agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

Respondent disregarded 26 U.S.C §6103(e) with intent to defeat the application thereof by refusing to disclose Claimant(s) income tax return information to Claimant(s).

## COUNT 3

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C §6103(a) with intent to defeat the application thereof by disclosing confidential income tax return information to persons not statutorily authorized to receive such information.

## COUNT 4

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C §6201(a) with intent to defeat the application thereof by failing to make any assessment whatsoever of the taxes and penalties for any of the aforementioned years claimant(s) allegedly owe(s);

## COUNT 5

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C § 6202 with intent to defeat the application thereof by failing to make an assessment of the taxes and penalties for any of the aforementioned years claimant(s) allegedly owe(s), within the time and mode set forth by the secretary;

## COUNT 6

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6501(a) with intent to defeat the application thereof by neglecting to assess taxes owed within three years;

## COUNT 7

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6203 with intent to defeat the application thereof by failing to record an assessment of the taxes and penalties for any of the aforementioned years claimant(s) allegedly owe(s);

## COUNT 8

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6203 with intent to defeat the application thereof by failing to furnish claimant(s) copies of the records

of assessment (forms 23C) of taxes and penalties for any of the aforementioned years upon claimant(s) request (there is no statutory authority to substitute any other form for a form 23c). Claimant(s) has/have requested copies of all of the aforementioned assessment records for all of the aforementioned years.  Claimant(s) has/have not received any response of any kind;

## COUNT 9

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees  disregarded 26 U.S.C. §7214(a) with intent to defeat the application thereof by attempting and continuing to attempt to collect sums greater than appear on [the non-existing] records of assessment of taxes and penalties for any of the aforementioned years;

## COUNT 10

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees  disregarded 26 U.S.C. §6402 with intent to defeat the application thereof by failing to return all unlawfully collected taxes to claimant(s)upon claimant(s) written request to the United States Treasurer;

## COUNT 11

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees  disregarded 26 U.S.C. §6212 with intent to defeat the application thereof by failing to send claimant(s) a notice of deficiency (90 day letter) for each of the aforementioned years;

## COUNT 12

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees  disregarded 26 U.S.C. §6213(a) with intent to defeat the application thereof by failing to notice claimant(s) of the last date on which claimant(s) could file a petition to the Tax Court for each of the aforementioned years;

## COUNT 13

Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees  disregarded 26 U.S.C. §6320 with intent to defeat the application thereof by failing to notify claimant(s) of the filing of a notice of lien for each of the aforementioned years;

## COUNT 14

Beginning with "tax year" 1996 through and including the present year respondant, through principals, officers, agents, and/or employees  disregarded 26 U.S.C. §6321 with intent to defeat the application thereof by filing an invalid and unlawful Notice of Federal

Tax Lien against claimant(s) for each of the aforementioned years;

COUNT 15
     Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6325 with intent to defeat the application thereof by failing to release the aforementioned lien(s) when it became obvious that said lien(s) was/were invalid and unlawful;

COUNT 16
     Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6404(g) with intent to defeat the application thereof by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says claimant(s) owe(s) for each of the aforementioned years;

COUNT 17
     Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6751(a) with intent to defeat the application thereof by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

COUNT 18
     Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6751(b)(1) with intent to defeat the application thereof by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination;

COUNT 19
     Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of each penalty and additions;

COUNT 20
     Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7602(a) with intent to defeat the application thereof by conducting a presumed financial status audit for each of the aforementioned years;

COUNT 21
     Beginning with "tax year" 1996 through and including the present year respondent,

through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7491(b) with intent to defeat the application thereof by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years;

## COUNT 22
Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6331(a) with intent to defeat the application thereof by failing to send claimant(s) a ten (10) demand for payment before issuing a levy for each of the aforementioned years;

## COUNT 23
Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof by failing to send the claimant(s) a thirty (30) day notice for each of the aforementioned years;

## COUNT 24
Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded 26 U.S.C. §7123(b)(1) with intent to defeat the application thereof by failing to provide claimant(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years;

## COUNT 25
Beginning with "tax year" 1996 through and including the present year respondent, through principals, officers, agents, and/or employees disregarded by failing to comply with the Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, which requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2005. Claimant(s) provide an extraction from the aforementioned GAO audit reports in support of this claim: The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated

with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

## II b
## CLAIMS REGARDING TITLE 18 U.S.C.

**COUNT 26**
Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1905, with intent to defeat the application thereof, by publishing, divulging, and disclosing confidential information: Respondent through agents, officers, and or employees caused to be recorded into the Public Record at Maui County, Hawaii, confidential information regarding Claimant. Said confidential information included Claimant's name, address, and Social Security number. Said confidential information was cited upon two Notice(s) of Federal Tax Lien mailed by respondents' agents, officers, and or employees. Said Notices cited alleged "Unpaid Balance(s) of Assessment", and were not accompanied by verification through affidavit, or otherwise. The penalties for such disclosures of confidential information by an officer or employee of the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905.

**COUNT 27**
Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, False entries and reports of monies or securities: Respondents' agents, officers, and or employees caused false entries to be made into the Public Record Maui County, Hawaii by mailing Notices of Federal Tax Lien bearing Claimant's name, to the Registrar of Deeds Maui County for the purpose of recording into said Public Record. Said Notices of Federal Tax Lien falsely cite "Date(s) of Assessment". Respondent admits through its failure to produce copies of Form 23C, that no assessments were made in regard to Claimant.

**COUNT 28**
Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, Making false and fictitious entries or records: Respondents' agents, officers, and or employees with intent to deceive, mislead, injure, and or defraud; made false and fictitious entries, and records of matters which did not occur. Said false and fictitious entries being the alleged "Date(s) of Assessment", and "Unpaid Balance(s) of Assessment(s)" cited upon the aforesaid Notices

with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

<div align="center">

**II b**
**CLAIMS REGARDING TITLE 18 U.S.C.**

</div>

COUNT 26

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1905, with intent to defeat the application thereof, by publishing, divulging, and disclosing confidential information: Respondent through agents, officers, and or employees caused to be recorded into the Public Record at Maui County, Hawaii, confidential information regarding Claimant. Said confidential information included Claimant's name, address, and Social Security number. Said confidential information was cited upon two Notice(s) of Federal Tax Lien mailed by respondents' agents, officers, and or employees. Said Notices cited alleged "Unpaid Balance(s) of Assessment", and were not accompanied by verification through affidavit, or otherwise. The penalties for such disclosures of confidential information by an officer or employee of the United States or of any department or agency thereof are prescribed in 18 U.S.C. § 1905.

COUNT 27

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, False entries and reports of monies or securities: Respondents' agents, officers, and or employees caused false entries to be made into the Public Record Maui County, Hawaii by mailing Notices of Federal Tax Lien bearing Claimant's name, to the Registrar of Deeds Maui County for the purpose of recording into said Public Record. Said Notices of Federal Tax Lien falsely cite "Date(s) of Assessment". Respondent admits through its failure to produce copies of Form 23C, that no assessments were made in regard to Claimant.

COUNT 28

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, Making false and fictitious entries or records:  Respondents' agents, officers, and or employees with intent to deceive, mislead, injure, and or defraud; made false and fictitious entries, and records of matters which did not occur. Said false and fictitious entries being the alleged "Date(s) of Assessment", and "Unpaid Balance(s) of Assessment(s)" cited upon the aforesaid Notices

of Federal Tax Lien.

Said records being the aforesaid Notices of Federal Tax Lien which contain said false and fictitious "Date(s) of Assessment", and "Unpaid Balance(s) of Assessment(s)".

## COUNT 29

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §2073, with intent to defeat the application thereof, Making false and fictitious records: Respondents' agents, officers, and or employees with intent to deceive, mislead, injure, and or defraud, made false and fictitious entries, and records of matters which did not occur; to wit: Notice of Levy made and issued by respondents' agents, officers, and or employees, and bearing the name, address, and Social Security number assigned to Claimant, contained false and fictitious "Unpaid Balance(s) of Assessment(s)". Said Notice of Levy contained intentionally misleading instructions to the recipient, in that subtitle F, Chapter 64, Subchapter D Part II, § 6331 (a), of Title 26 U.S.C. was deliberately omitted from the instructions.

Said Notice was received at Claimant's workplace, and personnel there were deceived by said intentionally misleading instructions. Claimant was injured as a direct result of the deception perpetrated by respondents' agents', officers', and or employees' issuance of said false and fictitious record.

## COUNT 30

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §471, with intent to defeat the application thereof, states in pertinent part: Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined not more than $5000.00 or imprisoned not more than fifteen years, or both.

1.  Said Notices of Federal Tax Lien are United States Securities, as defined at Title 18 U.S.C. §8, in that said Notices of Federal Tax Lien purport to be 'evidence of indebtedness' to the United States.

2.  Said Notices of Federal Tax Lien falsely cite "Unpaid Balance(s) of Assessment".

3.  Said Notices falsely cite events ('assessments') which did not take place.

4.  Said Notices falsely cite indebtedness as "Unpaid Balance(s) of Assessment".

    The aforementioned Notices of Federal Tax Lien appear to qualify as "counterfeit United States securities" in that the makers have made false

statements of indebtedness to the United States, and mailed said instruments with the intent that said instruments be recorded into the Public Record at Maui County, Hawaii as genuine United States securities.

5.  Said Notices are un-attested to, in that the signatures thereon are not genuine.

## COUNT 31

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1622, with intent to defeat the application thereof, Subornation of Perjury: Respondents agents, officers, and employees induced, through deceit, the recordation of said "counterfeit United States securities" into the Public Record at Maui County, Hawaii. In so doing, respondents' agents, officers, and or employees caused the Registrar of Deeds at Maui County, Hawaii to perjure said Public Record.

## COUNT 32

Respondent, through principals, officers, agents, and/or employees disregarded 18 U.S.C. §1001, with intent to defeat the application thereof, Making false, fictitious or fraudulent statements or representations, or making or using any false writing or document: Respondents' agents, officers, and or employees made and used writings which contained false and fraudulent statements in regards to Claimant. Said writings being Notice(s) of Federal Tax Lien, and Notice of Levy; said Notices directly, and or consequentially cite events which did not occur.

1.  Said Notices of Federal Tax Lien falsely and fraudulently cite "Date(s) of Assessment". Internal Revenue Service admits, through their failure to produce the required documentation, that no such 'Assessment(s)' occurred.

2.  Said Notice of Levy falsely and fraudulently cites "Unpaid Balance(s) of Assessment(s)". Internal Revenue Service admits, through their failure to produce the equired documentation, that no such 'Assessment(s)' occurred.

3.  The aforesaid Notice(s) of Federal Tax Lien and Notice of Levy cite events which did not occur, and in doing so falsely and fraudulently portray the Claimant as someone who has been lawfully assessed by respondents' thereof. Such is not the case, in that no lawful assessment has occurred.

4.  The aforesaid Notice(s) of Federal Tax Lien and Notice of Levy portray the Claimant as someone who owes a 1040 "Kind of Tax". Claimant, having not been lawfully assessed, does not owe, and therefore cannot be held liable for, a tax.

5.   Absent a lawful assessment, a tax is not owed. Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). The absence of the requisite documents proves that there has been no assessment and, consequently, no tax collection activities may be pursued.

IV
CONCLUSION

1.   Section 6103(e)(1)(A)(1) of the Internal Revenue Code, Title 26, United States Code, § 6103(e)(1)(A)(1), grants a statutory right to access one's own tax records.

2.   Federal tax regulation 301.6103-1(c), Title 26, Code of Federal Regulations, § 301.6103-1(c), reiterates respondents' statutory obligation.

3.   The Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, also require the IRS to provide records to claimant(s) upon request.

4.   The Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, requires the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. This failure is supported by the GAO audit reports for the years 1993 through and including 2005.   Plaintiff(s) provide an extraction from the aforementioned GAO audit reports in support of this claim: The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception:   IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in

the reports. respondents' agency has sent voluminous correspondence to claimant(s) in which each and every piece of correspondence articulates a very clear position on the issues contained therein which the IRS is unwilling to reconsider.

5.  As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding with intent to defeat the provisions of Title 26 United States Code and the regulations promulgated there-under by respondent's principals, officers, agents, and/or employees claimant(s) has/have suffered one or more of the following: (1) substantial personal embarrassment, (2) loss of income, (3) loss of goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the respondent's principals, officers, agents, and/or employees disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

6.  Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by respondent's principals, officers, agents, and/or entitles claimant(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully known after a determination that the respondent's principals, officers, agents, and/or employees disregarded provisions of Title 26 United States Code regulations promulgated under Title 26 United States Code.

## REMEDY SOUGHT

7.  That respondents' principals, officers, agents, and/or employees reconsider the position they have taken regarding the voluminous correspondence sent to claimant.

8.  That respondents' principals, officers, agents, and/or employees cease disregarding provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof.

9.  Because respondents' principals, officers, agents, and/or employees, while engaged in collection activity regarding claimant(s), disregarded the aforementioned provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof, claimant(s) seek(s) the following:

A.  directing respondent to pay damages in accordance with section 7433, in an

amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

B.   directing replevin of any and all property taken from claimant(s) without complete due process of tax law, at its current fair market value; and,

C.   directing such other and further damages as is deemed just and proper;

D.   enjoining respondents' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: __JULY   3__, 2006

Bruce R Travis

### Acknowledgment

_____On the above inscribed date before the undersigned, a Notary Public for the State of Hawaii, personally appeared, Bruce R Travis, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Hawaii

Vicki m. STEFFAN

My Commission expires April 30, 2010



Verified Administrative
Claim for Damages

page 12 of 14 pages
Not valid without all pages attached

# AFFIDAVIT

__I__ Affiant, Bruce R Travis, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.  It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.  Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.  Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.  Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.  Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.  Affiant is not in possession of any document which verifies that respondent has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.  Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.  Affiant is not in possession of any document which verifies that the respondent has complied with all collection procedures required by the IRS Code and its regulations.

9.  Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment);

10. Affiant is not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence affiant has received from defendant's agency.

Verified Administrative
Claim for Damages

page 13 of 14 pages
Not valid without all pages attached

**Internal Revenue Service**

**Department of the Treasury**

Contact Person:
Jamie Bent
Employee Identification Number:
91-07128
Contact Telephone Number:
206-220-5499

Date:          SEP 1 2 2006

Bruce R. Travis
P.O. Box 311
Kihei, HI 96753

Dear Mr. Travis

We have received your claim for damages under Internal Revenue Code
section 7433, Civil Damages for Certain Unauthorized Collection Actions.

We are denying your claim for the following reasons:

The Internal Revenue Service did not violate section 7433(a) in regard to collection actions and procedures.



decision. However, if you
Treasury Regulation 301.7433-1
u believe caused your damages

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Bruce R Travis
P.O. Box 311
Kihei, HI 90753

4a. Article Number
7004 2510 0004 4256 0545

4b. Service Type
☐ Registered       ☐ Insured
☐ Certified        ☐ COD
☐ Express Mail     ☐ Return Receipt for
                      Merchandise

7. Date of Delivery
9.18.06

5. Signature (Addressee)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature (Agent)

PS Form 3811, December 1991    *U.S. GPO: 1993-352-402    **DOMESTIC RETURN RECEIPT**

Item No.
Bruce Travis
Street Apt No.
or PO Box No.
City, State, ZIP+4

Territory Manager

**GOVERNMENT
EXHIBIT
2**

Letter 2732 (Rev. 2-2006)
Catalog Number 36154P

Bruce R. Travis
PO Box 311
Kihie, HI 96753


A Summary Record of Assessment (23C) is a summary total of all the tax,
interest, and penalty assessments by class made at an IRS service center on a
specific day or week. The amounts assessed to a specific taxpayer are included
as part of the total figures for the day or week. However, a Summary Record of
Assessment does not separately list a taxpayer's name, identifying number, or
amounts assessed to the taxpayer alone.    Although the RACS 006 Reports do
not on their face reflect a particular taxpayer's assessment, IMF transcripts do
provide this information and are considered supporting documents for the
assessments.

Enclosed are account transcripts for your 1040 income taxes for 12/31/1996,
12/31/1997, 12/31/1998, 12/31/1999, 12/31/2000, 12/31/2001, 12/31/2002,
12/31/2003, 12/31/2004 and civil penalty for 12/31/1998.

Also enclosed is a facsimile copy of the Federal Tax Lien recorded 09/15/2003
with the Bureau of Conveyances, HI and letter 3172 that was mailed certified on
09/09/2003 to you.

**Internal Revenue Service**                              **Department of the Treasury**

Contact Person:
Jamie Bent
Employee Identification Number:
91-07128
Contact Telephone Number:
206-220-5499

Date:

Bruce R. Travis
P.O. Box 311
Kihei, HI 96753

Dear Mr. Travis

We have received your claim for damages under Internal Revenue Code
section 7433, Civil Damages for Certain Unauthorized Collection Actions.

We are denying your claim for the following reasons:

The Internal Revenue Service did not violate section 7433(a) in regard to collection actions and procedures.

You are not entitled to request any additional administrative appeals of this decision. However, if you
wish to take further action, you may file a civil action for damages under Treasury Regulation 301.7433-1
in federal district court. You have two years from the date of the action you believe caused your damages
to file your case with the court.

Sincerely.

Emmett Hannifin
Technical Services Territory Manager

Letter 2732 (Rev. 2-2006)
Catalog Number 38154P

## CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

BRUCE TRAVIS                    EIN/SSN: 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
                                         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

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|---------|---------|---------|
| | ADJUSTED GROSS INCOME 136,337.00 | | | |
| | TAXABLE INCOME 85,286.00 | | | |
| 10-23-2000 | SUBSTITUTE FOR RETURN 29210-295-26401-0 | | 0.00 | 11-20-2000 |
| 04-15-1997 | EXTENSION OF TIME TO FILE EXT. DATE  08-15-1997 | | | |
| 04-15-1997 | EXTENSION OF TIME TO FILE EXT. DATE  10-15-1997 | | | |
| 05-13-1999 | AMENDED RETURN FILED 29277-534-67527-9 | | | |
| 01-16-2003 | RECEIVED POA/TIA | | | |
| 06-25-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 06-16-2006 | | | |
| 07-15-2003 | UPDATED POA/TIA | | | |
| | FAILURE TO PAY TAX PENALTY 200331 | | 5,736.75 | 08-11-2003 |
| | ESTIMATED TAX PENALTY 200331 | | 1,221.00 | 08-11-2003 |
| | LATE FILING PENALTY 200331 | | 5,163.00 | 08-11-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-605-10069-3  200331 | | 22,947.00 | 08-11-2003 |

FORM 4340  (REV. 01-2002)              PAGE    1

GOVERNMENT
EXHIBIT
3
PENGAD-Bayonne, N.J.

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

BRUCE TRAVIS                          EIN/SSN: 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
                                               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

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040          TAX PERIOD: DEC  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
|  | INTEREST ASSESSED 200331 |  | 16,929.25 | 08-11-2003 |
| 09-05-2003 | FEDERAL TAX LIEN |  |  |  |
| 09-30-2003 | REMOVED POA/TIA |  |  |  |
| 09-23-2003 | COLLECTIONS WORKING CASE |  |  |  |
|  | ADDITIONAL TAX ASSESSED 89254-724-07099-4  200448 |  | 0.00 | 12-13-2004 |
| 11-12-2003 | AMENDED RETURN FILED 89277-724-55227-4 |  |  |  |
| 06-08-1998 | Taxpayer Deliquency Notice |  |  |  |
| 06-29-1998 | Taxpayer Deliquency Notice |  |  |  |
| 08-11-2003 | Statutory Notice of Balance Due |  |  |  |
| 11-10-2003 | Notice of Balance Due |  |  |  |
| 11-24-2003 | Statutory Notice of Intent to Levy |  |  |  |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 12-13-2004 | Statutory Notice of Balance Due | | | |

FORM 4340  (REV. 01-2002)            PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC 1996
------------------------------------------------------------------------


BALANCE        51,997.00

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Lauri Garneau_

PRINT NAME:_____Lauri Garneau_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 01/03/2006

FORM 4340  (REV. 01-2002)                    PAGE     4

## CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  1997

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|-----------------------------|----------------------------------|
| | ADJUSTED GROSS INCOME 180,303.00 | | | |
| | TAXABLE INCOME 142,625.00 | | | |
| 10-23-2000 | SUBSTITUTE FOR RETURN 29210-295-26402-0 | | 0.00 | 11-20-2000 |
| 04-15-1998 | EXTENSION OF TIME TO FILE EXT. DATE  08-15-1998 | | | |
| 01-16-2003 | RECEIVED POA/TIA | | | |
| 05-14-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 04-21-2006 | | | |
| | ADDITIONAL TAX ASSESSED 85254-542-18000-3  200322 | | 0.00 | 06-09-2003 |
| | ESTIMATED TAX PENALTY 200323 | | 2,351.00 | 06-16-2003 |
| | LATE FILING PENALTY 200323 | | 9,818.00 | 06-16-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-542-10034-3  200323 | | 43,635.00 | 06-16-2003 |
| 04-21-2003 | AMENDED RETURN FILED 85277-542-00153-3 | | | |
| | INTEREST ASSESSED 200323 | | 24,510.51 | 06-16-2003 |

FORM 4340  (REV. 01-2002)            PAGE   1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC 1997

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | FAILURE TO PAY TAX PENALTY 200323 | 10,908.75 | | 06-16-2003 |
| | ADDITIONAL TAX ASSESSED 85254-542-18001-3  200325 | | 0.00 | 06-30-2003 |
| 07-15-2003 | UPDATED POA/TIA | | | |
| 09-05-2003 | FEDERAL TAX LIEN | | | |
| 09-30-2003 | REMOVED POA/TIA | | | |
| 09-23-2003 | COLLECTIONS WORKING CASE | | | |
| 07-25-2003 | AMENDED RETURN FILED 29277-744-00150-3 | | | |
| 06-16-2003 | Statutory Notice of Balance Due | | | |
| 07-21-2003 | Notice of Balance Due | | | |
| 08-25-2003 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1997
------------------------------------------------------------------------


BALANCE       91,223.26
------------------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: *Lauri Garneau*
                                  Lauri Garneau
PRINT NAME:_____

TITLE:_____ Supervisory Investigative Analyst _____

DELEGATION ORDER:___ CI Delegation #18 _____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 01/03/2006

FORM 4340  (REV. 01-2002)              PAGE     3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE TRAVIS                              EIN/SSN: 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
                                                   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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1998

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-----|-----|-----|
| | ADJUSTED GROSS INCOME 144,256.00 | | | |
| | TAXABLE INCOME 90,014.00 | | | |
| | SELF EMPLOYMENT TAX 12,666.00 | | | |
| 10-23-2000 | SUBSTITUTE FOR RETURN 29210-295-26403-0 | | 0.00 | 11-20-2000 |
| 01-16-2003 | RECEIVED POA/TIA | | | |
| 04-03-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 03-20-2006 | | | |
| | ESTIMATED TAX PENALTY 200316 | | 1,674.00 | 04-28-2003 |
| | LATE FILING PENALTY 200316 | | 8,300.02 | 04-28-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-500-10029-3  200316 | | 36,889.00 | 04-28-2003 |
| | INTEREST ASSESSED 200316 | | 15,691.43 | 04-28-2003 |
| | FAILURE TO PAY TAX PENALTY 200316 | | 9,037.80 | 04-28-2003 |
| | ADDITIONAL TAX ASSESSED 91254-500-18003-3  200317 | | 0.00 | 05-05-2003 |
| | INTEREST ASSESSED 200317 | | 68.68 | 05-05-2003 |

FORM 4340  (REV. 01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1998

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| 03-20-2003 | AMENDED RETURN FILED 91277-500-00652-3 | | | |
| | ADDITIONAL TAX ASSESSED 91254-500-18004-3  200319 | | 0.00 | 05-19-2003 |
| 07-15-2003 | UPDATED POA/TIA | | | |
| 07-15-2003 | AMENDED RETURN FILED 29277-619-00642-3 | | | |
| 09-05-2003 | FEDERAL TAX LIEN | | | |
| 09-30-2003 | REMOVED POA/TIA | | | |
| 11-10-2003 | CLAIM DISALLOWED 83254-694-98001-3 | | | |
| 09-23-2003 | COLLECTIONS WORKING CASE | | | |
| 04-28-2003 | Statutory Notice of Balance Due | | | |
| 05-05-2003 | Statutory Notice of Balance Due | | | |
| 06-09-2003 | Notice of Balance Due | | | |
| 11-10-2003 | Statutory Notice of Balance Due | | | |

FORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------------

BRUCE TRAVIS                              EIN/SSN: 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
                                                   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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040       TAX PERIOD: DEC   1998

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 11-10-2003 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    3

### CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1998

------------------------------------------------------------------------


BALANCE        71,660.93

------------------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Lauri Garneau_
PRINT NAME:_____Lauri Garneau_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:____CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 01/03/2006

FORM 4340  (REV. 01-2002)                  PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1999

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| | ADJUSTED GROSS INCOME 136,019.00 | | | |
| | TAXABLE INCOME 83,585.00 | | | |
| | SELF EMPLOYMENT TAX 13,147.00 | | | |
| 10-23-2000 | SUBSTITUTE FOR RETURN 29210-295-26133-0 | | 0.00 | 11-20-2000 |
| 01-16-2003 | RECEIVED POA/TIA | | | |
| 02-24-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 02-11-2006 | | | |
| | ESTIMATED TAX PENALTY 200315 | | 1,677.00 | 04-21-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-491-10007-3  200315 | | 21,764.00 | 04-21-2003 |
| | ADDITIONAL TAX ASSESSED 91254-512-18002-3  200318 | | 0.00 | 05-12-2003 |
| 07-15-2003 | UPDATED POA/TIA | | | |
| 06-10-2003 | AMENDED RETURN FILED 29277-612-00688-3 | | | |
| 09-05-2003 | FEDERAL TAX LIEN | | | |
| 09-30-2003 | REMOVED POA/TIA | | | |
| 02-11-2003 | AMENDED RETURN FILED 85277-687-01011-3 | | | |

FORM 4340  (REV. 01-2002)                PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC 1999

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| | FAILURE TO PAY TAX PENALTY 200344 | | 7,505.87 | 11-10-2003 |
| | LATE FILING PENALTY 200344 | | 7,855.00 | 11-10-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-687-10016-3  200344 | | 13,147.00 | 11-10-2003 |
| 09-23-2003 | COLLECTIONS WORKING CASE | | | |
| | INTEREST ASSESSED 200344 | | 11,821.24 | 11-10-2003 |
| | ADDITIONAL TAX ASSESSED 85254-687-18000-3  200345 | | 0.00 | 11-17-2003 |
| | FAILURE TO PAY TAX PENALTY 200351 | | 174.56 | 12-29-2003 |
| | ADDITIONAL TAX ASSESSED 29254-745-18025-3  200351 | | 0.00 | 12-29-2003 |
| 04-21-2003 | Statutory Notice of Balance Due | | | |
| 05-26-2003 | Notice of Balance Due | | | |

FORM 4340  (REV. 01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

BRUCE TRAVIS                              EIN/SSN: 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
                                                   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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040        TAX PERIOD: DEC  1999


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 11-10-2003 | Statutory Notice of Balance Due | | | |
| 12-15-2003 | Statutory Notice of Intent to Levy | | | |
| 12-29-2003 | Statutory Notice of Balance Due | | | |


FORM 4340  (REV. 01-2002)                    PAGE     3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  1999
--------------------------------------------------------------------


BALANCE         63,944.67
--------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Lauri Garneau_
PRINT NAME: _____Lauri Garneau_____

TITLE:_____Supervisory Investigative Analyst_____

DELEGATION ORDER:___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 01/03/2006

FORM 4340  (REV. 01-2002)                PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

--------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2000

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| | ADJUSTED GROSS INCOME 459,177.00 | | | |
| | TAXABLE INCOME 423,807.00 | | | |
| | SELF EMPLOYMENT TAX 21,950.00 | | | |
| 02-26-2003 | RETURN FILED & TAX ASSESSED 09221-079-24531-3  200314 | | 176,112.00 | 04-14-2003 |
| 01-16-2003 | RECEIVED POA/TIA | | | |
| | ESTIMATED TAX PENALTY 200314 | 9,472.00 | | 04-14-2003 |
| | LATE FILING PENALTY 200314 | 39,625.20 | | 04-14-2003 |
| | FAILURE TO PAY TAX PENALTY 200314 | 21,133.44 | | 04-14-2003 |
| | INTEREST ASSESSED 200314 | 29,013.88 | | 04-14-2003 |
| 06-02-2003 | AMENDED RETURN FILED 89277-581-04542-3 | | | |
| 07-15-2003 | UPDATED POA/TIA | | | |
| 08-11-2003 | PRIOR TAX ABATED 89254-603-05514-3 | 176,112.00- | | |
| 08-11-2003 | LATE FILING PENALTY ABATED | 39,625.20- | | |
| 08-11-2003 | FAILURE TO PAY TAX PENALTY ABATED | 21,133.44- | | |

FORM 4340  (REV. 01-2002)              PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC 2000

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|---------------------------------|
| 08-11-2003 | INTEREST ABATED | | 28,858.22- | |
| 09-05-2003 | FEDERAL TAX LIEN | | | |
| 09-29-2003 | FEES AND COLLECTION COSTS | | 50.00 | |
| 09-30-2003 | REMOVED POA/TIA | | | |
| | ADDITIONAL TAX ASSESSED 89254-688-05242-3  200343 | | 176,112.00 | 11-03-2003 |
| | LATE FILING PENALTY 200343 | | 44,028.00 | 11-03-2003 |
| | INTEREST ASSESSED 200343 | | 36,511.44 | 11-03-2003 |
| 09-23-2003 | COLLECTIONS WORKING CASE | | | |
| 04-14-2003 | Statutory Notice of Balance Due | | | |
| 05-19-2003 | Notice of Balance Due | | | |
| 08-11-2003 | Statutory Notice of Balance Due | | | |
| 09-15-2003 | Notice of Balance Due | | | |

FORM 4340  (REV. 01-2002)              PAGE    2

**CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS**

---

**BRUCE TRAVIS**                                  EIN/SSN: 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
                                                         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


**TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN**
**FORM: 1040      TAX PERIOD: DEC  2000**


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| 10-20-2003 | Statutory Notice of Intent to Levy | | | |
| 11-03-2003 | Statutory Notice of Balance Due | | | |


**FORM 4340  (REV. 01-2002)**                **PAGE      3**

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

BRUCE TRAVIS                          EIN/SSN: 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
                                               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


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2000
------------------------------------------------------------------------


BALANCE        266,329.10
------------------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _Lauri Garneau_
PRINT NAME: _____Lauri Gameau_____

TITLE: _____Supervisory Investigative Analyst_____

DELEGATION ORDER: ___CI Delegation #18_____


LOCATION: INTERNAL REVENUE SERVICE
          ANDOVER, MA

          ACCOUNT STATUS DATE 01/03/2006

FORM 4340  (REV. 01-2002)              PAGE    4

| Form 668 (Y)(c) (Rev. October 2000) | 7919 | Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | | |
|---|---|---|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #11 Lien Unit Phone: (206) 220-5534 | | Serial Number 133796403 | | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer    BRUCE J SHAFER

Residence    214 HELUMOA PL.
KIRIN, HI 96753

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | | 08/11/2003 | 09/10/2013 | 91397.00 |
| 1040 | 12/31/1997 | | 08/18/2003 | 07/18/2013 | 91223.24 |
| 1040 | 12/31/1998 | | 04/28/2003 | 05/28/2013 | 71850.93 |
| 1040 | 12/31/1999 | | 04/21/2003 | 05/21/2013 | 23441.00 |
| 1040 | 12/31/2000 | | 04/14/2003 | 05/14/2013 | 9837.66 |

| Place of Filing | BUREAU OF CONVEYANCES REGISTRAR HONOLULU, HI 96813 | Total $ | 247349.83 |
|---|---|---|---|

This notice was prepared and signed at    SEATTLE, WA    , on this,

the ____03rd____ day of ___September, 2003___

Signature    for S. HATTISON

Title REVENUE OFFICER
(808) 262-4495    32-02-3517

Note: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)    Form 668(Y)(c) (Rev. 10-00) CAT. No. 60025X

Part 1 - Kept by Recording Office

Sysmm: Honolulu,HI Regular System-Date Rec'D 2003.197832 Page: 2 of 2 or 74.7776 seconds.


GOVERNMENT EXHIBIT #1

25000008 *** REFILED NOTICE *** REFILED NOTICE *** REFILED NOTICE *

4112 REFILE REFI[redacted]E

Form 668 (Y)(c)
(Rev. October 2000)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (973) 921-4328 | Serial Number<br>Recorded: 03/26/1993 11:14 65[redacted]27<br>229307185 | For Optional Use by Re[redacted]ng Office |
| --- | --- | --- |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer [redacted]

Residence [redacted]

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRUCE R. TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No:  1:06-cv-1656(RCL) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Having considered the United States' motion for enlargement of time in which to

answer, move, or otherwise plead, together with the memorandum in support thereof,

and any opposition thereto, the Court concludes that the motion ought to be granted.

Accordingly, it is this _____ day of _____, 2007,  at Washington, D.C.

ORDERED that defendant's motion for enlargement of time to answer, move, or

otherwise plead be and is GRANTED;

ORDERED that defendant, the United States, shall have an additional two (2)

days until January 26, 2007, in which to serve an answer, motion, or to otherwise plead

to the complaint; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the

representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

2182576.1

COPIES TO:

PAT S. GENIS
Trial Attorneys, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

BRUCE R. TRAVIS
*Plaintiff pro se*
P.O. Box 311
Kihei, HI 96753