RECEIVED
FEB 12 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Bruce R Travis                                                    No: 1:06-cv-01656

        Plaintiff(s),

v.

United States (Government)

        Defendant.

**PLAINTIFF'S OPPOSITION TO COUNSEL'S DECLARATION**

A.     Defendant's counsel, Pat Genis submits a document entitled "Declaration of Pat S. Genis" which purports to have been made pursuant to 28 USC §1746. Said declaration does not comply with the requirements of 28 USC §1746.

Counsel's Declaration/testimony is clearly not made in accordance with 28 USC Section 1746. Said provision requires that declarant attest to the correctness..... Counsel knows fully that counsel cannot testify in any matter in which counsel is serving as an advocate. Yet counsel purports that she has first hand knowledge as to the validity of documents attached as exhibits to her motion to dismiss.

Specifically counsel states that the Certificate of Assessments, Payments, and Other Specified Matters for plaintiff for tax years 1996, 1997, 1998, 1999, and 2000, attached as exhibit 3 is a true and correct copy.

Counsel further states that Form 668, Notice of Federal Tax Lien, which was filed against plaintiff for tax years 1996, 1997, 1998, 1999, and 2000, attached as exhibit 4 is a true and correct copy. Counsel further testifies "I declare under penalty of perjury that the foregoing is true to the best of my knowledge. Information and belief.

Defendant, by way of declaration and exhibit introduces extrinsic material into this matter To wit, Counsel's declaration alleges that both Form 4340 and Form 668 certify that an assessment has been made. Counsel's testimony is an incidental admission as to the existence of certificates of assessment that are signed by an assessment officer. Plaintiff(s) are entitled to such forms as a matter of law. (26 USC 6203)[1].

Counsel's declaration violates Ethical Rule 3.4 Fairness to Opposing Party and Counsel

A lawyer shall not:

> (e) .... allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or...
> (Omitted)

---

[1] Plaintiff has requested the assessment records referred to in the forms 4340. No assessment records have been provided. It is doubtful that such records exist. Thus, it may be that some unknown IRS employee has FALSIFIED/falsefied a government record. Thus, counsel may be presenting a fraudulent document which could rise to the level of fraud on the court.

Counsel's declaration is intended to conceal the fact that IRS cannot produce a properly executed certificate of assessment (form 4340 and RACS 006 are not records of assessment, nor do such forms comply with the best evidence rule)(see Plaintiff's Opposition to Admission of Defendant's Computer "Evidence") Counsel knows, or should know, that his/her client has admitted, in other actions, a pattern of failure to properly execute record(s) of assessment, to wit:

In March v. Internal Revenue Service (10th Cir.) 02-2087, decided 02/25/2003, McKay, Circuit Judge, observed:

> "[T]he IRS concedes that "when the Debtors argue that [certificates of assessment] were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false."

By attaching incomplete computer records - irrelevant to the allegations, and likely inaccurate and untrustworthy, Counsel has falsified evidence, or assisted his/her client in falsification.

Counsel's filing constitutes Ethical Rule 8.4 Misconduct:

It is professional misconduct for a lawyer to:

> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

Counsel was, as are all applicants to the BAR, required to sign an oath, pursuant

to Title 28 United States Code, Appendix, Rules of the Supreme Court, PART II.

ATTORNEYS AND COUNSELORS

> Rule 5.
> 4. Each applicant shall sign the following oath or affirmation:
> I, ................, do solemnly swear (or affirm) that as an attorney and as a counselor of this Court, I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

Counsel has breached that oath.

B.   Transcripts are Hearsay Evidence Inadmissible Under D.C. Court Rules

The rules applicable in the United States District Court for the District of Columbia with respect to secondary evidence, i.e., hearsay, have been governed since 1975 by the holding of the United States Court of Appeals, District of Columbia Circuit, in United States v. Smith, 1 Fed Evid Rep 22, 172 App DC 297, 521 F2d 957,

> "Hearsay contained in an official record is admissible in evidence *only* if it was reported to the maker of the record, directly or through others, by one who was himself acting in the regular course of business and who had personal knowledge." (emphases added)

There is no indication in, or with, the Form 4340 Certificate of Assessments, Payments, and Other Specified Matters that the, "computer transcripts," to which Pat Genis refers, were made while "acting in the regular course of business," nor that the, "computer transcripts," could have, "had personal knowledge."

"Transcripts," do not meet the Smith test, for the following reasons:

1.   HEARSAY MUST BE REPORTED TO THE MAKER OF THE RECORD BY ONE WHO WAS HIMSELF ACTING ...

    A.    According to the Internal Revenue Manual, IRM 4.4.13.6(3)a, "Form 4340 will be prepared and certified by use of IDRS data if available." IDRS is the Internal Revenue Service's *Integrated Data Retrieval Service*; a computer database, the information in which is unverifiable except through documentary evidence.

        a    According to the Internal Revenue Manual, IRM 4.4.13.6(4), "The tax examiner will forward a completed draft Form 4340 and all research information to the typing function, including the request, Form 4338 or Form 4338-A. The typing function will type the information on an original Form 4340." The tax examiner is not the maker of the record.

        b.    According to the Internal Revenue Manual, IRM 4.4.13.6(5), "The typed Form 4340 and research information including the request Forms 4338 or 4338-A should be reviewed for accuracy. Thereafter, they will be forwarded to the Area Director (or his/her delegate) who will date and sign it at the time of certification."

2.    … IN THE REGULAR COURSE OF BUSINESS…

        a.    According to the Internal Revenue Manual, IRM 4.4.13.6(3), "Certification of Form 4340 is required to when a detailed explanation of the taxpayer's account is requested to satisfy legal requirements. It may also be required in instances of an urgent nature such as requests for court use…". Form 4340 is not made in the regular course of business.

        b.    Courts in at least two circuits have found that the Form 4340 simply *does not exist* until a tax suit is started, whether by the government or the individual.

            i.    In United States v. Buford, 889 F.2d 1406, 1408 (5th Cir. 1989) an IRS agent testified that the form was made just for litigation.

            ii    In Jones v. United States, 60 F.3d 584, 590 (9th Cir. 1995) the court found that the form was apparently made just for litigation.

            iii    In Stallard v. United States, 806 F.Supp. 152 (W.D.Tex. 1992), *aff'd* 12 F.3d 499 (5th Cir. 1994), the Court rejected the Form 4340 also, *since it was not executed on the date of the alleged assessment.*

3. ...<u>AND</u> WHO HAD PERSONAL KNOWLEDGE...
    b. The Area Director (or his/her delegate) who dates and signs the original Form 4340, is, i.e., "the maker of the record," and,
        i    receives the hearsay report of information from a typist (in the typing function),
        ii   who has no personal knowledge of the information,
        iii  having himself/herself received the hearsay report from a tax examiner
        iv  who obtained the unverified information from a computer database.

   C. Form 4340 Inadmissible Under Evidence Rule 803(6)

      1. The facts immediately above show that Form 4340 is equally inadmissible under the business records exception in evidence rule 803(6) according to the doctrine established in <u>Palmer v. Hoffman</u>, 318 US 109 (1943), i.e., denying the business records exception, "to any document prepared with an eye toward litigation <u>when offered by the party responsible for making the record</u>." (emphasis added).
      2. That the, "transcripts," themselves, "certified," by the Form 4340 are clearly, "prepared with an eye toward litigation."
        i    First, as shown in ¶ B.2.a), above, "Certification of Form 4340 is required when a detailed explanation of the taxpayer's account is requested *to satisfy legal requirements."* Internal Revenue Manual, IRM 4.4.13.6(3).

According to the Internal Revenue Manual, neither transcripts, nor the, "Form 4340," meet the Smith test described above;

Respondent's, "Form 4340," does not meet the, "Business records," exception recognized in the District of Columbia, in that such document is only prepared, "to satisfy legal requirements," as stated in the Internal Revenue Manual, at IRM 4.4.13.6(3), and is therefore inadmissible pursuant to <u>Evidence Rule 803(6)</u>.

Thus counsel has declared personal knowledge of computer records which counsel

cannot possibly have such personal knowledge. Counsel also lacks personal knowledge of the accuracy of the underlying data from which said computer printouts are created. Moreover, Advisory Committee's Note 56 R.R.D. 183, 329 reads as follows:

"The declarant of a hearsay statement which is admitted in evidence is in effect a witness."

Counsel's so called declaration constitutes an unsworn statement that is inadmissable and contains no statements made from first hand knowledge.

Wherefore, because counsel is acting in violation of the aforementioned rules of ethics plaintiff requests that the court deny admission of counsel's declaration, remove counsel as an advocate for defendant, and report counsel to the BAR association for disciplinary action.

Dated February 8, 2007

Bruce R Travis
PO Box 311
Kihei, Hawaii 96753

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat Ghis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated FEBRUARY 8, 2007

Bruce R Travis